UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAYONN GRAY,

    Plaintiff,                                      Case No.

v                                                        Hon.

AUTOZONE, INC., a foreign profit
corporation, and NICHOLAS ISLES,
individually,

    Defendants.
_____

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Attorneys for Plaintiff
888 W. Big Beaver Rd., Ste. 420
Troy, MI   48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
_____

## **COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff, NAYONN GRAY, by and through his undersigned counsel, AKEEL & VALENTINE, PLC, and for his complaint against Defendants, AUTOZONE, INC. and NICHOLAS ISLES, states as follows:

## **JURISDICTIONAL ALLEGATIONS**

1. Plaintiff, Nayonn Gray, is a resident of the State of Michigan.

1

2. Defendant, AutoZone, Inc. ("AutoZone" or the "Company"), is a foreign profit corporation, with its headquarters in Memphis, Tennessee and incorporated in the State of Delaware.

3. Upon information and belief, Defendant Nicholas Isles, is a resident of the State of Michigan and works in the County of Wayne, State of Michigan.

4. This instant action arises under 42 U.S.C. § 1981, the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2101, *et seq.*, and the common law of the State of Michigan.

5. The actions that give rise to the claims asserted occurred in Wayne County, within the State of Michigan.

6. Defendant AutoZone has sufficient minimum contacts in Michigan, or otherwise has purposely availed itself of the markets within Michigan, through the promotion, sale, marketing, and distribution of its products.

7. This Honorable Court, pursuant to 28 U.S.C. § 1331, has jurisdiction over Plaintiff's § 1981 claim based on federal questions jurisdiction.

8. This Honorable Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 (d) (2).

9. This Honorable Court also has supplemental jurisdiction over Plaintiff's claims under Michigan law pursuant to 28 U.S.C. § 1367(a) because they

are inextricably intertwined with the federal claims and arise out of the same nucleus of operative facts.

10. Venue is proper in this Honorable Court as Defendants conduct business within the Eastern District of Michigan, are subject to personal jurisdiction within the Eastern District of Michigan, and a substantial part of the events giving rise to the claims alleged occurred in the Eastern District of Michigan. *See* 29 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges the foregoing paragraphs, as though fully set forth herein.

12. Plaintiff is a 21-year old African American male who just needed a battery.

13. On or around July 17, 2020, Plaintiff purchased a battery from Defendant AutoZone whose address is 1555 Fort St, Lincoln Park, MI 48146.

14. On or around August 7, 2019, Plaintiff had a problem with the battery, which was still under warranty, and returned to Defendant AutoZone.

15. However, Defendant AutoZone's Manager, Defendant Nicholas Isles, refused to allow Plaintiff to utilize his warranty and exchange the battery.

16. Defendant Nicholas then came and told Plaintiff that he had to leave the battery and come back later.

17. Plaintiff then asked Defendant Nicholas why he was not able to use the warranty and Defendant Nicholas responded, "*Put me on Facebook for White Power oppressing you.*"

18. Defendant Nicholas' racist remark was caught on camera.

19. Defendant Nicholas then made additional racially offensive statements, including but not limited to, accusing Plaintiff of using the chemicals in the battery to make drugs.

20. Defendant Nicholas even encouraged Plaintiff to post his racist remarks on the internet.

21. Defendant Nicholas then told Plaintiff to return in three hours to pick up the battery after Defendants charge it, instead of replacing the battery which was still under warranty – the service Plaintiff had paid for and sought to do.

22. Plaintiff then left his battery with Defendants and returned around three hours later.

23. Defendant Nicholas advised Plaintiff to return in another 45 minutes.

24. Plaintiff left and returned again in after around 45 minutes.

25. In total, Defendants had Plaintiff returned several times over the span of almost four hours.

26. When Plaintiff returned for the final time, Defendant Nicholas lied to Plaintiff and advised that his battery was still not charged.

27. Then, a different employee stated that the battery was charged and returned the battery to Plaintiff, instead of honoring the Warranty Plaintiff sought to exercise.

28. Plaintiff was hurt by Defendants' conduct, embarrassed to be treated in such an inhumane manner, humiliated in front of others, and upset that he was being denied and then delayed services because of the color of his skin.

29. Other employees of Defendants witnessed the racist remarks, denial, and delay of service to Plaintiff, and failed to step in to provide Plaintiff the service that is afforded to others that are not black.

30. Plaintiff and his mother reported Defendants' conduct to their Corporate Office, including but not limited to, emails and a phone conversation, however, even then Defendant AutoZone tried to excuse its manager's conduct by asking what Plaintiff did that caused Defendant Nicholas to say those comments.

31. Upon information and belief, no further action was taken by Defendants to amend the situation.

32. Plaintiff was verbally attacked, humiliated, and embarrassed because of his race and and/or the color his skin.

33. Defendants' racist conduct constitutes clear and blatant discrimination towards Plaintiff on the basis of his race that simply cannot be tolerated in a civilized society.

5

34. Defendants' horrific treatment and racist treatment caused Plaintiff to suffer, among other things, loss of confidence, mental anguish, embarrassment, and extreme emotional distress.

## COUNT I

### DENIAL OF EQUAL RIGHTS UNDER THE LAW
### IN VIOLATION OF 42 U.S.C. § 1981(c)

35. Plaintiff hereby re-alleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

36. 42 U.S.C. § 1981 provides:

> All persons in the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts to sue, be parties, give evidence, to a full and equal benefit of all of laws and proceedings for security persons and property as of enjoyed by white citizens, and shall be subject to like punishment, pains, penalty, taxes, license and exactions of every kind, and to no other.

37. Under the Fourteenth Amendment to the United States Constitution, Plaintiff has the guaranteed right to make and enforce contracts.

38. 42 U.S.C. § 1981 prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors.[1]

---

[1] *See Christian v. Walmart Stores, Inc,* 252 F.3d 862, 867-68 (6th Cir. 2001) ("[T]he making, performance, modification, the termination of contracts, and enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.")

39. Plaintiff was subjected to intentional discrimination because he is of African American race.

40. Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 1981 and deprived Plaintiff of his civil right to make and enforce contracts by, among other things:

   a. Subjecting Plaintiff, because of his race, to discrimination in denying service that he requested, and therefore denying him the ability to contract to receive Defendants' continued services.

   b. Subjecting Plaintiff, because of his race, to embarrassment, humiliation, verbal and nonverbal harassment on its premises, which had the purpose and/or effect of denying Plaintiff full and equal access to the making of a contractual relationship between Plaintiff and Defendants to obtain further services; and

   c. Subjecting Plaintiff to severe emotional distress and anguish by not allowing Plaintiff to receive proper service and depriving Plaintiff of service that he requested.

41. Defendant Nicholas was acting within his scope of employment when speaking with Plaintiff about services for Plaintiff's battery and while deplorable racist comments.

42. Defendant AutoZone, by and through its agent, was acting in furtherance of its business interests when denying Plaintiff's battery warranty and providing extremely delayed service in charging his battery.

43. Defendant AutoZone is also liable for the actions of Defendant Nicholas.

44. As a direct and proximate result of Defendants' violation of 42 U.S.C. § 1981, Plaintiff suffered damages and has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter a judgment against Defendants in the amount consistent with the damages sustained, plus costs and attorneys' fees wrongfully incurred to bring this action as provided under the Act, in addition to any other damages, including punitive damages, plus any equitable relief the court deems just and equitable.

## COUNT II

### DENIAL OF PUBLIC ACCOMMODATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL § 37.2101, *et seq*.

45. Plaintiff hereby re-alleges and incorporates the foregoing paragraphs of this Complaint as if fully set herein.

46. Plaintiff is a protected individual because of his race and skin color.

47. Defendant AutoZone is a place of public accommodation under Michigan's Elliot-Larsen Civil Rights Act (the "ELCRA"), MCL § 37.2301, et seq.

48. Defendant AutoZone is also a person under the ELCRA.

49. Defendant Nicholas is a person under the ELCRA.

50. Defendant Nicholas is also an agent of Defendant AutoZone.

51. Plaintiff was denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation because of his race and color.

52. Defendants violated the ELCRA by engaging in conduct, which indicates that the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation will be refused, withheld from, and denied to Plaintiff because of his race and color.

53. Defendants violated the ELCRA by engaging in conduct, which indicates that Plaintiff's patronage of or presence at a place of public accommodation is objectionable, unwelcome, unacceptable, or undesirable because of his race and color.

54. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained damages, and has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter a judgment against Defendants in the amount consistent with the damages sustained, plus costs and attorneys' fees wrongfully incurred to bring this action, in addition to any other damages, including exemplary damages, plus any equitable relief the court deems just and equitable.

## COUNT III

## NEGLIGENT SUPERVISION

55. Plaintiff hereby re-alleges and incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

56. Defendant AutoZone hired and appointed Defendant Nicholas to serve in a managerial position.

57. As a place of public accommodation, Defendants have a duty to ensure the safety and protection of each of its customers.

58. Defendant AutoZone, by and through its agents and employees, had a duty to adequately train and supervise its managers, like Defendant Nicholas, to ensure that patrons like Plaintiff are being serviced in a discriminatory free environment.

59. Defendant AutoZone breached those duties described above by permitting its manager to discriminate against its patrons based on their race.

60. Defendant AutoZone also failed to provide reasonable training and supervision of Defendant Nicholas.

61. As a result of the above-described conduct, and Defendant AutoZone's breach of its duties, Plaintiff has suffered, and continues to suffer damages and mental anguish, physical and emotional distress, embarrassment and humiliation.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter a judgment against Defendants in the amount consistent with the damages sustained, plus costs and attorneys' fees wrongfully incurred to bring this action, in addition to any other damages as provided by applicable law.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. Plaintiff hereby re-alleges and incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

63. Defendants' conduct as alleged above was extreme, outrageous, and utterly intolerable in a civilized society.

64. Defendants' actions were intentional or with reckless indifference to Plaintiff's rights and sensibilities.

65. Upon information and belief, Defendant Nicholas was at all relevant times the managing employee of Defendant AutoZone, and was acting in the course and scope of such agency or employment relationship when he engaged in wrongful, tortious, and offensive, conduct against Plaintiff which was also condoned and/or ratified by AutoZone.

66. Plaintiff was denied further access to Defendants' services.

67. As a result of Defendants' conduct described above, Plaintiff suffered, among other things, severe and serious emotional distress.

68. Further, as a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff suffered injury and damage, including the following:

   a. pain, suffering, and emotional distress;

   b. injuries to his reputation;

   c. humiliation, mortification, and embarrassment; and

   d. other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

69. As a direct and proximate result of Defendants' intentional and outrageous acts, Plaintiff has sustained damages, and has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter a judgment against Defendants in the amount consistent with the damages sustained, plus costs and attorneys' fees wrongfully incurred to bring this action, in addition to any other damages, including exemplary damages as provided by applicable law.

Respectfully submitted,

**AKEEL & VALENTINE, PLC**

By: /s/: SHEREEF H. AKEEL
Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Attorneys for Plaintiff
888 W. Big Beaver Rd., Ste. 420

                                            Troy, MI  48084
                                            (248) 269-9595
                                            shereef@akeelvalentine.com
                                            hasan@akeelvalentine.com

DATED: August 20, 2020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAYONN GRAY,

    Plaintiff,                                    Case No.

v                                                   Hon.

AUTOZONE, INC., a foreign profit
corporation, and NICHOLAS ISLES,
individually,

    Defendants.
_____

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Attorneys for Plaintiff
888 W. Big Beaver Rd., Ste. 420
Troy, MI   48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
_____

## **JURY DEMAND**

**NOW COMES** Plaintiff, NAYONN GRAY, by and through his undersigned counsel, AKEEL & VALENTINE, PLC, and hereby demands a Trial by Jury of the above-referenced causes of action.

                                                 Respectfully submitted,

                                                 **AKEEL & VALENTINE, PLC**

                                         By: /s/: SHEREEF H. AKEEL
                                               Shereef H. Akeel (P54345)

                                                Hasan Kaakarli (P81099)
                                                Attorneys for Plaintiff
                                                888 W. Big Beaver Rd., Ste. 420
                                                Troy, MI  48084
                                                (248) 269-9595
                                                shereef@akeelvalentine.com
                                                hasan@akeelvalentine.com

DATED: August 20, 2020

O:\Gray\Complaint & JD.docx