UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAYONN GRAY,

    Plaintiff,                                                 Civil Action No. 20-CV-12261

vs.                                                       HON. BERNARD A. FRIEDMAN

AUTOZONERS LLC and
NICHOLAS ISLES,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION
## TO STAY TAXATION OF COSTS PENDING APPEAL

This matter is presently before the Court on plaintiff's "motion for a stay pending appeal with respect to taxation of costs." (ECF No. 53). Defendants have each responded (ECF Nos. 54, 55) and plaintiff has replied (ECF Nos. 56, 57). Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

This is a civil rights dispute between plaintiff Nayonn Gray, defendant AutoZoners LLC ("AutoZone"), and defendant Nicholas Isles, a former assistant store manager at an AutoZone store located in Lincoln Park, Michigan. Plaintiff alleges that defendants denied him service and refused to honor his car battery warranty due to his race. Both defendants filed motions for summary judgment, which the Court granted on January 4, 2022. (ECF No. 38). On February 10, 2022, the Court granted defendants' motions for review and award of costs, awarding $1,576.25 to defendant Isles and $2,659.50 to defendant AutoZone. (ECF No. 52).

In the instant motion, plaintiff requests a stay of "any further taxation proceedings, including collection attempts, until the conclusion of appellate proceedings." (ECF No. 53,

PageID.1481). Plaintiff contends that his motion should be granted because (1) "the prevailing party may change" if his appeal is successful, and (2) "given the financial disparity of the parties." (*Id*.). In response, defendants argue that plaintiff is merely attempting to avoid his obligation to provide a bond or other security in order to obtain a stay. (ECF No. 54, PageID.1481; ECF No. 55, PageID.1496). Defendants add that they would not oppose the motion if plaintiff complied with this obligation. (ECF No. 55, PageID.1469).

Pursuant to Fed. R. Civ. P. 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." But "th[is] Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." *Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). "[I]t is within the district court's discretion to reduce the amount of the bond, substitute an alternate form of security for the bond, or dispose of the bond requirement entirely. . . . [However,] [c]ourts have found it appropriate to dispose of the bond requirement only in extraordinary circumstances." *Dubuc v. Green Oak Twp.*, No. 08-13727, 2010 WL 2908616, at *1 (E.D. Mich. Oct. 1, 2010).

As another judge in this district has explained:

> While the Sixth Circuit has not outlined a specific test to guide the decision of a district court when considering whether to grant a request for an unsecured stay, courts have tended to examine the purpose of Rule 62(d).[1] The bond requirement of this Rule serves to protect both parties. *See Hamlin v. Charter Tp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998). It protects the appellant from "the risk

---

[1] Fed. R. Civ. P. 62(d), as referenced in *Transp. Ins. Co. v. Citizens Ins. Co. of Am.*, No. 08-15018, 2013 WL 4604126 (E.D. Mich. Aug. 29, 2013), is now Fed. R. Civ. P. 62(b).

of satisfying the judgment only to find that restitution is impossible after reversal on appeal" while protecting the appellee "from the risk of a later uncollectible judgment and also provid[ing] compensation for those injuries which can be said to be the natural and proximate result of the stay." *Id*. (internal quotation marks omitted). Thus, "Rule 62(d) establishes not only the appellant's right to a stay but also the appellee's right to have a bond posted. Because of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required." *Id*.; *see also Pucci v. Somers*, 834 F. Supp. 2d 690, 706 (E.D. Mich. 2011) (quoting *Hamlin*, 181 F.R.D. at 351).

Despite this presumption as it relates to a supersedeas bond, two circumstances exist in which courts are urged to consider foregoing the requirement: namely, where (1) "the [appellant's] ability to pay the judgment is so plain that the cost of the bond would be a waste of money" and (2) "the requirement would put the [appellant's] other creditors in undue jeopardy." *Pucci*, 834 F. Supp. 2d at 707 (quoting *Olympia Equip. Leasing Co. v. W[.] Union Tel. Co*., 786 F.2d 794, 796 (7th Cir.1986)); *see also Arban*, 345 F.3d at 409 (affirming decision to grant stay without bond "[i]n light of the vast disparity between the amount of the judgment in this case and the annual revenue of the [defendant]"); *cf. Dubuc v. Green Oak Twp*., No. 08-13727, 2010 WL 3908616, at *2 (E.D. Mich. Oct. 1, 2010) (preferring an analysis that "looks to whether there are 'extraordinary circumstances' that justify deviating from the bond requirement").

*Transp. Ins. Co. v. Citizens Ins. Co. of Am.*, No. 08-15018, 2013 WL 4604126, at *3 (E.D. Mich. Aug. 29, 2013).

Here, plaintiff has not argued that his ability to pay the judgment is plain, that the bond requirement places other creditors in undue jeopardy, or that restitution would be impossible in case of reversal on appeal. Rather, he merely contends that the financial disparity between the parties warrants a waiver of the bond requirement. Plaintiff does not cite any relevant precedent in support of this proposition and the Court is aware of none. Under these circumstances, the Court does not believe that granting plaintiff's requested waiver would serve Rule 62(b)'s dual protective role. Accordingly,

3

IT IS ORDERED that plaintiff's motion to stay taxation of costs pending appeal (ECF No. 53) is denied.

                                       s/Bernard A. Friedman
                                       BERNARD A. FRIEDMAN
Dated: April 18, 2022          SENIOR UNITED STATES DISTRICT JUDGE
       Detroit, Michigan